James E. WHITELEY

v.

Burleigh N. NELSON, Joyce A. Dillard Nelson, and Burl, Inc.

Civ. A. No. 77–0267.

United States District Court,
W. D. Louisiana,
Shreveport Division.

July 15, 1977.

**524**

John Layne Hammons, Pugh & Nelson, Shreveport, La., for plaintiff.

Donald Frank Bright, Shreveport, La., for defendants.

## MEMORANDUM RULING

STAGG, District Judge.

This case comes before the Court on defendants' motion to set aside a default judgment entered on May 25, 1977. For the assigned reasons, the motion must be granted.

Plaintiff filed this action seeking the rescission of the sale of a home pursuant to the Louisiana law of redhibition, asserting the diversity jurisdiction of the Court. Plaintiff served defendants pursuant to the Louisiana "long-arm statute", La.R.S. 13:3201, *et seq.,* by placing the summons and the complaint in the United States Mail on March 17, 1977. On April 26, 1977, plaintiff filed the required affidavits showing the mailing and returned receipts as evidence of the completion of service pursuant to the long-arm statute. *See* La.R.S. 13:3205. On failure of the defendants to answer, the plaintiff requested that the Clerk of Court enter a default, which he did on May 11, 1977. When the defendants still had not answered even later, the plaintiff petitioned the Court for the entry of a default judgment, which petition the Court granted on May 25, 1977. On June 24, 1977, the defendants moved to set aside the default judgment, asserting that the judgment was premature according to the terms of La.R.S. 13:3205.

Service on persons not found within a state is governed by Rules 4(d)(7) and 4(e) of the Federal Rules of Civil Procedure. The Rules, by their strict terms, apply only to the manner of service and do not affect any time delays that might be provided in other rules of federal civil procedure. Rule 12(a), however, does make a distinction, at least with respect to Rule 4(e):

> "A defendant shall serve his answer within 20 days after the service of the summons and complaint upon him, except when service is made under Rule 4(e) and a different time is prescribed in the order of court under the statute of the United States or in the statute or rule of court of the state."

Purely on the basis of the quoted language of Rule 12, the only extension for the time within which to answer allowed by the Rule, absent an extension by the Court, would be when service is completed pursuant to Rule 4(e). Following this thought, if the service in the instant case were made pursuant to Rule 4(d)(7), the default would be entered properly, and so would be the default judgment. However, if service in the instant case were made pursuant to Rule 4(e), then the default and the default judgment were premature.

Professors Wright and Miller have made it clear that there is no standard by which to determine a mutually exclusive application of Rules 4(d)(7) and 4(e). They conclude that the two rules overlap, and that no prejudice should result from the overlapping:

> "It seems most reasonable simply to recognize that there is considerable overlap between Rules 4(d)(7) and 4(e) and that no useful purpose would be served by trying to bifurcate them in a mechanical fashion. Some evidence indicating that the Advisory Committee was aware of the overlap was found in its Note to the Amendment of Rule 4(e), which refers to the discussion in the Note to Rule 4(d)(7) of the nonresident motorist and long-arm statutes as illustrative of what is intended to be covered by Rule 4(e)." 4 Wright & Miller, Federal Practices and Procedure § 1114 at 469 (1969).

Moreover, prior to 1963, most courts held that Rule 4(d)(7) did not allow the use of

state long-arm statutes for service over nonresidents. Thus, when Rule 12(a) was written, the majority rule was that Rule 4(e) was the only means of service on out-of-state defendants. The rule in its application prior to 1963 meant that if a state provided a longer period within which to answer for an out-of-state defendant, that period governed the federal action. In 1963, Rule 4(d)(7) was amended, resulting in judicial interpretation that Rule 4(d)(7) could be used to reach nonresident defendants. Perhaps inadvertently, Rule 12(a) was not amended in that year. It is plausible, therefore, that the amendment to Rule 4(d)(7) in 1963 implicitly amended Rule 12(a) to enlarge the time within which a nonresident defendant could answer a law suit if the state procedure used pursuant to Rule 4(d)(7) provided such an extension.

Whether the Court applies the Wright & Miller idea that no prejudice should result from possible mechanical application of the differences between Rules 4(d)(7) and 4(e) or the idea that the 1963 Amendment to Rule 4(d)(7) implicitly amended Rule 12(a), it is the better result in this case to rule that the defendants were entitled to rely on the longer period of time provided by the state statute in order to answer the law suit. Thus, if the default and the default judgment were entered prior to the time when they would have been allowed in state court, they were premature.

Louisiana allows a defendant 30 days after the filing of an affidavit of the person who mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed with sufficient postage affixed, to answer the law suit without having a "default judgment" entered against the defendant. La.R.S. 13:3205. The Louisiana State Law Institute's comment (c) to Section 3205 states that "default judgment" refers to the "preliminary default" of Louisiana state procedure. The "preliminary default" closely corresponds to the "entry of default" of Rule 55(a) of the Federal Rules of Civil Procedure, so that the two may be considered equivalent. *Compare* F.R.C.P. 55(a) *with* La.C.C.P. arts. 1701–02. Thus, the entry of default could

come only after a period of 30 days from the filing of the affidavit, which in this case was filed on April 26, 1977.

Clearly, the default and the default judgment were entered prematurely in this case. For that reason, they must be set aside.

IT IS ORDERED that the default of May 11, 1977 and the default judgment of May 25, 1977 be set aside. IT IS FURTHER ORDERED that the defendants file their answers within 20 days of this date.